IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALLAS MCINTOSH, #B85114, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-1016-SMY |
| ) | |
| RICHARD WATSON, SGT. STRUBERG, ) | |
| COREY HARRIS, RICHARD REED, ) | |
| WILSON, CHERYL TRIPLETT, and ) | |
| PHILIP MCLAURIN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Dallas McIntosh, an inmate currently incarcerated at Menard Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The events giving rise to this complaint occurred while Plaintiff was confined as a pre-trial detainee at St. Clair County Jail ("St. Clair").

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). With these general principles in mind, the Court turns to Plaintiff's complaint.

## Complaint

On November 11, 2013, while Plaintiff was a pretrial detainee at the St. Clair County Jail ("St. Clair), Plaintiff exchanged words with Defendant Cheryl Triplett, a correctional officer, over his meal tray. (Doc. 1, p. 3). The dispute ended with Defendant Triplett sending Plaintiff to his cell and placing him on lockdown status. *Id*. Plaintiff told Triplett that he was going to submit a grievance regarding the incident. *Id*. Plaintiff received a disciplinary ticket related to the incident. *Id*. at 13.

Fifteen minutes later, Defendant Reed, another correctional officer, grabbed Plaintiff from his cell and took him to an area of the jail where Plaintiff was not in view of any cameras. Defendant Reed proceeded to slam Plaintiff's head into a wall, which caused Plaintiff to black out momentarily. *Id*. at 4. Plaintiff believes that the force with which his head hit the wall caused him a concussion because he experienced blurry vision, a headache, and dizziness. *Id*. Defendant Reed then told Plaintiff that if Plaintiff had any more incidents with correctional officers, Reed would "pull his ass out of the cell block" and it would be worse than what had just occurred. *Id*. Reed then escorted Plaintiff, who had trouble walking, back to his cell. When they arrived at Plaintiff's cell, Plaintiff asked if he could be seen by the nurse for the dizziness,

blurred vision, and headache; Reed told Plaintiff no. *Id*. Plaintiff told Reed that he was going to write a grievance regarding the incident. *Id*. at 5.

Shortly thereafter, Defendant Harris, a correctional officer who was not working on Plaintiff's block, was given access to Plaintiff's cell, even though Plaintiff was on "deadlock" status. *Id*. 5. When a detainee is on deadlock status, correctional officers are not allowed to open and enter the inmate's cell, unless another correctional officer is present. Nonetheless, Defendant Wilson, who was working in the control room at the time, allowed Defendant Harris to enter Plaintiff's cell. *Id*. at 6. Plaintif alleges that Defendants Watson (sheriff), Struberg (sergeant), and McLaurin (major) are all aware that the deadlock policy is constantly violated by correctional officers at St. Clair, yet they do nothing about it. *Id*.

After Defendant Harris entered Plaintiff's cell, Harris grabbed Plaintiff from where he was sleeping on the top bunk of the bed and threw him onto the concrete floor below where Plaintiff hit his head, back, legs, elbow, and arm on the floor. *Id*. at 7. Harris proceeded to grab Plaintiff around his neck, choke him, and punch him in the face. *Id*. Harris then said, "Now write this up bitch" and threw a complaint form in Plaintiff's face. *Id*.

Plaintiff maintains that Defendants Harris and Reed used excessive force against him to retaliate against Plaintiff for threatening to complain about Defendant Triplett's conduct. *Id*. at 9. Plaintiff further maintains that Defendant Triplett informed Defendants Harris and Reed about the incident so that they would take retaliatory action against him. *Id*.

Plaintiff repeatedly notified Defendants Watson, Struberg, and McLaurin regarding the events that took place on November 11, 2013 and requested that they conduct an investigation. *Id*. at 9. He claims, however, that they never investigated the incident or responded to his grievances. Furthermore, he maintains that Defendant Watson is aware that correctional officers

use excessive force regularly against detainees to "teach them a lesson," and that his failure to discipline officers who engage in this conduct demonstrates his endorsement of this unwritten policy. *Id*.

Plaintiff had a hearing on the disciplinary ticket issued by Defendant Triplett; Defendant Struberg served on the hearing committee. *Id*. at 13. Plaintiff asked for several witnesses to be called to testify in his favor, but Defendant Struberg refused to allow any of them to testify and he refused to review video footage that Plaintiff claimed would exonerate him. *Id*. Plaintiff alleges that he was asked to admit that he was guilty and was told that he would be given a break, if he would. *Id*. When Plaintiff refused, Defendant Struberg "stormed" out of the hearing without making a ruling on the ticket. Plaintiff claims that no determination was ever made on the ticket, yet he spent 30 days on lockdown nonetheless. *Id*. at 14.

Attached to the complaint are over a dozen affidavits from detainees who witnessed the events on November 11, 2013. *See* Doc. 1.

Plaintiff has named the following officials and employees of St. Clair County Jail as Defendants: Richard Watson (sheriff); Struberg (sergeant); Corey Harris (correctional officer); Richard Reed (correctional officer); Wilson (correctional officer); Cheryl Triplett (correctional officer); and Philip McLaurin (major). Plaintiff seeks monetary damages.

## Legal Standard for Pretrial Detainees

Plaintiff's constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson,* ––– S.Ct. –––, No. 14–6368, 2015 WL 2473447, at *6 (June 22, 2015); *Budd v. Motley,* 711 F.3d 840, 842 (7th Cir.2013). In the context of a conditions of confinement claim, a pretrial detainee is entitled to be free from

conditions that amount to "punishment," *Bell v. Wolfish,* 441 U.S. 520 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). Further, the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395, n. 10 (1989).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that Plaintiff has articulated the following colorable federal claims, which shall receive further review:

> **Count 1: Fourteenth Amendment excessive force claim against all named Defendants for condoning, facilitating, and/or participating in the excessive use of force against Plaintiff on November 11, 2013.**

In order to establish excessive force, a pretrial detainee must show that the force purposely or knowingly used against him was objectively unreasonable. *Kingsley v. Hendrickson,* ––– S.Ct. ––––, No. 14–6368, 2015 WL 2473447, at *6 (June 22, 2015).

Here, Plaintiff alleges that Defendants Reed and Harris used excessive force against him to punish him for threatening to file a complaint against Defendant Triplett. Plaintiff also claims that Defendant Wilson facilitated the use of excessive force on Plaintiff when he defied formal

jail policy and opened Plaintiff's cell door for Defendant Harris. Plaintiff further alleges that Defendant Triplett prompted Defendants Reed and Harris to use excessive force against him to teach him a lesson following their verbal dispute. Lastly, Plaintiff asserts that Defendants Watson, Struberg, and McLaurin are responsible for the use of excessive force because they were aware that this is an ongoing practice at the jail, yet they failed to take any actions to stop this unconstitutional use of force. "The personal involvement of senior jail officials," such as Watson, Struberg, and McLaurin can be inferred at this stage "where, as here, the plaintiff alleges 'potentially systemic,' as opposed to 'clearly localized,' constitutional violations." *Smith v. Dart*, No. 14-1169, 2015 WL 5656844, at *11 (7th Cir. Sept. 25, 2015). Further factual development will be required in order to determine whether each Defendants' conduct violated Plaintiff's Fourteenth Amendment rights. Accordingly, this claim shall receive further review.

> **Count 2: First Amendment retaliation claim against Defendants Triplett, Reed, and Harris for taking retaliatory action against Plaintiff when he threatened to complain about his treatment by correctional officers.**

Jail officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement, which is considered protected activity under the First Amendment. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).

At issue here is whether Plaintiff experienced an adverse action that would likely deter constitutionally protected activity in the future, and if the First Amendment activity was "at least a motivating factor" in Defendants Triplett, Reed, and Harris's decision to take retaliatory action against Plaintiff. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleading stage of this case. Thus, Plaintiff may proceed on his

retaliation claim against Defendants Triplett, Reed, and Harris.

> **Count 3: Fourteenth Amendment medical care claim against Defendant Reed for denying Plaintiff's request for access to medical care.**

"Incarcerated persons are entitled to confinement under humane conditions which provide for their 'basic human needs.'" *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). A constitutional deprivation occurs when a jail condition results in the denial of a basic human need, *Rice ex rel. Rice v. Corr. Med. Servs.,* 675 F.3d 650, 664 (7th Cir.2012), such as "adequate food, clothing, shelter, and medical care," *Farmer,* 511 U.S. at 832. The elements of a medical claim are roughly the same under both the Eighth and Fourteen Amendments: to make out a claim, a detainee must allege facts tending to show that he had a serious medical condition and that jail staff behaved recklessly, at a minimum, in response to that condition. *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.,* 746 F.3d 766, 775 (7th Cir.2014).

Plaintiff alleges that Defendant Reed used excessive force on him when he slammed Plaintiff's head into a wall, causing Plaintiff to black out momentarily. Plaintiff was concerned that the blow to his head had caused him a concussion because he experienced blurry vision, a headache, and dizziness. Plaintiff asked Defendant Reed if he could be seen by a nurse, but Reed refused his request. This claim shall also receive further review.

> **Count 4: Fourteenth Amendment due process claim against Struberg for denying Plaintiff the opportunity to present evidence at his disciplinary hearing in his defense.**

"A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). Here, Plaintiff was sent to segregation for 30 days after a hearing in which he was denied the opportunity to call witnesses and present evidence in

his defense. Furthermore, the hearing officer stormed out of the hearing and never made a ruling on the disciplinary ticket. For these reasons, Plaintiff shall be allowed to proceed on this claim as well.

### Pending Motion

Plaintiff's motion to appoint counsel (Doc. 3) shall be referred to United States Magistrate Judge Frazier and addressed in a separate order.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on the following claims: **COUNT 1** (excessive force claim) against Defendants **WATSON, STRUBERG, HARRIS, REED, WILSON, TRIPLETT,** and **MCLAURIN**; **COUNT 2** (retaliation claim) against **DEFENDANTS HARRIS, REED,** and **TRIPLETT**; **COUNT 3** (denial of medical care claim) against **DEFENDANT REED**; and **COUNT 4** (due process claim) against **DEFENDANT STRUBERG**.

The Clerk of Court shall prepare for Defendants **WATSON, STRUBERG, HARRIS, REED, WILSON, TRIPLETT,** and **MCLAURIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 4, 2016**

s/ STACI M. YANDLE  
United States District Judge